IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL SINGLETARY, | : | |
|     Plaintiff, | : | 1:14-cv-0754 |
| | : | |
|     v. | : | Hon. John E. Jones III |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| *et al.*, | : | |
|     Defendants. | : | |

## **MEMORANDUM**

### **September 29, 2015**

Plaintiff Russell Singletary ("Singletary"), a federal inmate who, at all times relevant, was incarcerated at the Allenwood Federal Correctional Institution ("FCI-Allenwood"), White Deer, Pennsylvania, filed this Federal Tort Claims Act ("FTCA") complaint pursuant to 28 U.S.C. § 1346(b) on April 17, 2014. (Doc. 1). Named as Defendants are the United States, Daniel Leonard, M.D., K. Dewald, H.S.A. and Michaelean Powanda. (*Id.* at p. 1).

Defendants move (Doc. 13) to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), on the ground that the court lacks subject matter jurisdiction, *inter alia*, or, alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the complaint will be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

Singletary initiated this action on April 17, 2014, seeking redress for the negligent treatment of debilitating abdominal pain and extreme mental anguish. (Doc. 1, ¶¶ 6-7). He states that he brings "this action against defendant United States of America, pursuant to the Federal Tort Claims Act, so this Court has jurisdiction of the subject matter of this action." (*Id.* at ¶ 3). He indicates that he complied with all prerequisites prior to filing the action as follows:

> a. On January 31, 2013, the plaintiff timely filed an administrative claim for the matters in dispute in this action in the amount of $150,000.00 (one-hundred and fifty-thousand dollars) [with] the Federal Bureau of Prisons.
>
> b. The defendant, by and through its agency, the Federal Bureau of Prisons denied plaintiff's administrative claim which was assigned Remedy No. TRT-NER-2013-03253, a copy of which is attached to this complaint as Exhibit "A."
>
> c. This action was timely commenced following the denial of the administrative claim.

(*Id.* at ¶ 4). On August 9, 2014, the claim was denied by Regional Counsel with the following explanation:

> [Y]our Administrative Tort Claim No. TRT-NER-2013-03253, properly received in this office on February 11, 2013, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. Damages are sought in the amount of $150,000.00 based on your claim that FCI Allenwood failed to provide medical treatment for a detached transversus abdominis muscle on January 7, 2013.

> Investigation reveals on September 2, 2010, you were designated to FCI Allenwood. Your medical record shows on January 7, 2013, you advised medical staff that you had been suffering from abdominal pain for the past three-to-five years. Medical staff evaluated you with a rectus diastasis and determined surgery was not clinically indicated. You were prescribed an abdominal binder and instructed to follow up as needed. There is no evidence to suggest you experienced a compensable loss as the result of negligence on the part of any Bureau of Prisons employee. Accordingly, your claim is denied.
>
> If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of his memorandum.

(Doc. 1, p. 14). The instant action was commended on April 17, 2014. (Doc. 1).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). A motion to dismiss under Rule 12(b) (1) therefore challenges the power of a federal court to hear a claim or case. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006). In the face of a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000); *see also Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (stating that "[w]hen subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.").

## III. DISCUSSION

Through the FTCA, Congress has waived sovereign immunity for actions sounding in tort against the United States and its agencies, *Pascale v. United States*, 998 F.2d 186, 189 (3d Cir. 1993), thereby allowing tort claims against the United States for the acts of its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The FTCA requires a claimant, in any action against the United States for money damages due to the negligence or wrongful act of a government employee, to file a claim with the agency allegedly responsible for his injuries. *See* 28 U.S.C. § 2675(a). The agency may then pay the claim in full, offer to settle the claim, or deny the claim within six months. 28 U.S.C. §§ 2672, 2675(a). If the agency denies the claim or does not make a final disposition within six months, the claimant may then file suit in federal court. 28 U.S.C. § 2675(a). A tort claim against the United States, however, "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Compliance with the statute of limitations is a jurisdictional requirement. *See Roma v. United States*, 344 F.3d 352, 362 (3d

Cir.2003); *Pascale*, 998 F.2d 186 (3d Cir.1993). Additionally, the statute of limitations is strictly construed. *See Barren v. United States*, 839 F.2d 987, 992 (3d Cir. 1988). Thus, a plaintiff's failure to sue within the period of limitations recognized by § 2401(b) deprives a court of subject matter jurisdiction. *Ahmed v. United States*, 30 F.3d 514 (4th Cir. 1994).

Defendants seek to dismiss the action on the grounds that this Court lacks subject matter jurisdiction. They argue that "Singletary commenced this action by filing his complaint . . . on April 17, 2014 – more than eight months after his administrative tort claim was finally denied. As Singletary received his administrative denial on August 9, 2013, he was required to file his complaint within six months from this date, or by February 9, 2014." (Doc. 15, pp. 15-16). Clearly, the complaint was filed beyond the six month statute of limitation.

The burden is on Singletary to demonstrate that subject matter jurisdiction exists. *See Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir.2009) (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)). The Court has thoroughly reviewed Singletary's brief (Doc. 17) in opposition to Defendants' motion and he has completely failed to address the lack of subject matter jurisdiction.

The action was not commenced until April 17, 2014. (Doc. 1). Because the

statute requires the action to be commenced within six months after the date of the mailing, by certified or registered mail, of notice of the August 9, 2013 final denial of the claim, and the action was not filed until some two months after the six month time period expired, the complaint is untimely under 28 U.S.C. § 2401(b), and subject to dismissal based on a lack of subject matter jurisdiction.

      An appropriate order will issue.